David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| GREAT NORTHERN INSURANCE CO. : | ECF CASE |
| Plaintiff, : | |
| : | 08 Civ. 3308 (SHS) |
| - against - : | **COMPLAINT** |
| BLUE ANCHOR LINE; BLUE ANCHOR : | |
| LINE A DIVISION OF TRANSPAC | |
| CONTAINER SYSTEM LTD.; KUEHNE & : | |
| NAGEL, INC.; KUEHNE & NAGEL S.A.; | |
| HANJIN SHIPPING CO. LTD.; CONTAINER : | |
| PORT GROUP, INC.; | |
| : | |
| Defendants. | |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

**FIRST CAUSE OF ACTION**

1.     Plaintiff Great Northern Insurance Co. is a corporation organized under the laws of one of the fifty states and sues herein as the subrogated insurer of the cargo in suit, having paid the insurance claim of Pannotia Vineyards, LLC arising out of the damage to the shipment in suit.

2.     Defendants are believed to be corporations organized under the laws of certain of the fifty states or foreign sovereigns.

3.      This is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court also has jurisdiction over the subject matter to this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in ocean and interstate commerce and is governed by federal statutes related thereto, including but not limited to the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 30701 *et seq* and the Carmack Amendment, 49 U.S.C. §14706. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

4.      Upon information and belief defendants at all material times conducted business within the State of New York, including the pick up, carriage and delivery of cargo, and the provision of services related thereto, and is subject to the *in personam* jurisdiction of this Court.

5.      With respect to the shipment in suit defendants provided services as common carriers of cargo for hire, including as receiving and delivering carriers, and assumed responsibility for the transportation of the shipment from the place of receipt to the place of final delivery.

6.      This action involves damage, including heat damage, to wine which moved in carrier-provided containers SENU-4260051 and HJCU-7594566 from Barcelona, Spain, to New York as described more fully in Blue Anchor bills of lading BANQBCN1964673, 1964674, 1964675, and 1964668 dated on or about June 22, 2006, and Hanjin Shipping Co. Ltd. bills of lading HJSCBNW00976104 and 976003 dated on or about June 22, 2006, and others. (K&N/Blue Anchor Refs.  6322-4678-706-011 thru 014; Container Port Group Inc. Ref.: 200917)

7.      The cargo was carried aboard the M/V "QATARI IBN AL FUJA'A" during the ocean stage of the transport from Barcelona to New York.

8.      From New York to Mansfield, Massachusetts, the wine in container SENU4260051 was carried by defendant Container Port Group, Inc.  From New York to Elizabeth, New Jersey, the wine in container HJCU-759456-9 was carried by defendant Container Port Group, Inc.

9.      The aforesaid damage to the cargo was the result of defendants' reckless failure to properly carry and care for the cargo in suit, and their fundamental breaches of, and deviations from, the governing carriage contract.

10.     By reason of the aforesaid, plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $60,000.00.  No part of this amount has been paid although duly demanded.

11.     Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in the claim which is the subject of this action.

12.     Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required of it under the premises.

## SECOND CAUSE OF ACTION

13.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 of this complaint.

14.     On or about June 22, 2006 the cargo in suit was delivered in good order and condition into the custody and control of defendants, or entities acting on its behalf, for purposes of carriage to the agreed destination.

15. Defendants failed to deliver the cargo at the agreed destination in the same good order and condition. Instead at the time of delivery by or on behalf of defendants the shipment was in damaged and depreciated condition and unfit for intended usage.

16. As a result of the aforesaid, defendants are liable to plaintiff as common carriers, forwarders, and/or as bailees for hire.

### THIRD CAUSE OF ACTION

13. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 of this complaint.

14. The damage to the cargo was caused in whole or in part by defendants' failure to comply with their obligations to take steps to protect the cargo from exposure to extremes of temperature at all times during transport, including the obligation to provide lined and/or insulated containers for transport.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

a) for the sum of $60,000.00;

b) for prejudgment interest at the rate of 9% per annum ;

c) for the costs of this action;

d) for such other and further relief as this Court deems proper and just.

5

Dated: New York, New York
April 2, 2008

                                       LAW OFFICES,
                                       DAVID L. MAZAROLI

*s/David L. Mazaroli*

_____
David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 7C-1580