UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREAT NORTHERN INSURANCE CO.,                08 Civ. 03308 (Judge Stein)

              Plaintiff,

   -against-                                      ANSWER OF
                                                DEFENDANTS BLUE
BLUE ANCHOR LINE; BLUE ANCHOR                   ANCHOR LINE, KUEHNE
LINE, A DIVISION OF TRANSPAC                    & NAGEL, INC. AND
CONTAINER SYSTEM, LTD.; KUEHNE &                <u>KUEHNE & NAGEL, S.A.</u>
NAGEL, INC.; KUEHNE & NAGEL, S.A.;
HANJIN SHIPPING CO., LTD.; CONTAINER
PORT GROUP, INC.,

              Defendants.
------------------------------------------------------------X

      The Defendants, BLUE ANCHOR LINE; BLUE ANCHOR LINE, A DIVISION OF TRANSPAC CONTAINER SYSTEM, LTD. (collectively referred to as "BLUE ANCHOR LINE"); KUEHNE & NAGEL, INC. ("K&N") and KUEHNE & NAGEL S.A. ("K&N S.A.") answering the Complaint herein, alleges upon information and belief:

      1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 3, 7, 8, 11 and 12 of the Complaint herein.

      2.    Admits the allegations contained in paragraph 2 of the complaint..

      3.    Defendants, Blue Anchor Line and K&N S.A. deny each and every allegation of paragraph 4 of the Complaint. Defendant, K&N admits that it conducts business within the State of New York and is subject to the in personam jurisdiction of this Court.

      4.    BLUE ANCHOR LINE admits the allegations contained in paragraph 5 of the Complaint in that it provided services as a non-vessel operating carrier for hire but

begs leave to refer to the bills of lading issued by it for the shipment at issue. Defendants, K&N and K&N, S.A. deny the allegations of paragraph 5 of the complaint

The Defendants, K&N and K&N S.A. deny each and every allegation contained in paragraph 5 of the Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint, except that it admits that BLUE ANCHOR LINE issued bills of lading for the transport of the cargo referred to therein.

Defendants, K&N and K&NS.A. deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint herein.

6. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant BLUE ANCHOR LINE admits that the cargo was to have been carried aboard the vessel referred to therein. Defendants K&N and K&NS.A. deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint herein.

7. Defendants deny each and every allegation contained in paragraphs 9, 10, 15 and 17 of the Complaint herein.

8. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the complaint, except K&N and K&N S.A. deny having custody or control of the cargo in suit.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. Defendant, Blue Anchor Line is a division of Transpac Container

System Ltd., a foreign corporation. It acted in the capacity of a non-vessel common carrier with respect to the shipment referred to herein and its liability, if any, is therefore limited.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. Lack of jurisdiction over defendants Blue Anchor Line and K&N S.A.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. Defendant, K&N acted as a freight forwarder in connection with the within shipment not as a carrier and therefore is not liable to Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. Upon information and belief, Plaintiff lacks the capacity to bring this action against K&N, K&N S.A. and BLUE ANCHOR LINE.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. Upon information and belief, the loss or damages referred to in the Complaint resulted in whole or in part from the negligence, lack of care or conduct of persons other than the Defendants, Blue Anchor, K&N and K&N S.A. and was outside of said Defendants' control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. Pursuant to the Terms and Conditions of the bills of lading issued by Defendant, BLUE ANCHOR, disputes between the parties arising from shipments are to be determined by the courts and in accordance with the laws of a foreign country and no proceedings may be brought before other courts without the consent of this Defendant. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant, BLUE

ANCHOR, hereby gives notice that it intends to raise issues concerning the laws of a foreign country in this matter.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to comply with the condition precedent of the bill of lading contract in that no notice of loss or damage as required by the bill of lading was given in writing to BLUE ANCHOR or its agent at the port of discharge before or at the time of the removal of the goods into the custody of the person or entity entitled to delivery thereof.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to give BLUE ANCHOR notice of or opportunity to attend a survey conducted of the goods claimed to have been damaged.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. There is no basis of personal jurisdiction over BLUE ANCHOR, which is a foreign entity organized and existing in Hong Kong and lacks any presence in the United States and no basis of jurisdiction against K&NS.A., which is a foreign entity organized and existing in Spain and lacks any presence in the United States.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. Upon information and belief, the loss or damage referred to in the Complaint resulted in whole or in part from the negligence, lack of care or conduct of persons outside of these Defendants' control.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

19. That if the goods in suit were damaged, which Defendants deny knowledge and information sufficient to form a belief on, said damages were caused by

4

insufficient packaging, for which Defendants are not liable under COGSA and by the terms of Blue Anchor Line's bills of lading, no cause of action is stated against Defendants K&N and K&N S.A.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

20. Pursuant to the terms of the contract between Plaintiff's predecessor in interest and K&N, no liability is assumed by K&N for the service of third parties. Moreover, its liability, if any, is limited to $50 per transaction.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

21. A clean receipt for the goods was issued for plaintiff at the place of delivery

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS, HANJIN SHIPPING CO., LTD. ('HANJIN") AND CONTAINER PORT GROUP, INC.("CONTAINER")

22. Plaintiff in the within action has alleged damages to goods transported from Barcelona, Spain to Elizabeth, New Jersey and thereafter delivered to Mansfield, Massachusetts.

23. Upon information and belief, the damages, if any, complained of occurred while the good were in the possession of Defendants HANJIN and/or CONTAINER.

24. All duties, responsibilities of carriage and loading the cargo were undertaken by said cross-Defendants on behalf of Plaintiff and further on behalf of Defendant, Blue Anchor Line herein as respects the shipment in issue.

25. To the extent Plaintiff's goods were damaged, such loss was caused solely by HANJIN and/or CONTAINER failures to maintain the temperatures required by Plaintiff.

26. If Defendants Blue Anchor Line, K&N and K&N S.A., or any of them are found liable, it is due to the failure of HANJIN and/or CONTAINER so that Defendants, BLUE ANCHOR LINE, K&N and K&NS.A. are entitled to a contribution from said cross-Defendants for all sums which may be found liable to Plaintiff, including attorneys' fees and defense of this action.

WHEREFORE, Defendants BLUE ANCHOR LINE, K&N and K&N S.A. demand a judgment as follows:

    A. Dismissing the Complaint herein together with costs and disbursements;

    B. Declaration that if BLUE ANCHOR LINE, K&N or K&NS.A. are held liable to Plaintiff, that judgment be rendered against the cross-Defendants HANJIN and CONTAINER determining their responsibilities.

    C. For attorneys fees and defense costs in the suit incurred herein.

    D. For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 23, 2008

Yours, etc.

_____
Ernest H. Gelman (EHG 4748)
Attorney for Defendants BLUE ANCHOR LINE, K&N and K&NS.A.
350 Fifth Avenue, Suite 4908
New York, NY 10118
Telephone: (212) 332-2345
Fax: (212) 332-8301
e-mail: egelman@gelmanesq.com

TO:   David L. Mazaroli, Esq.
      Attorney for Plaintiff
      11 Park Place, Suite 1214
      New York, NY  10007-2801
      Telephone:  (212) 267-8480
      Fax:  (212) 732-7352
      e-mail:  dlm@mazarolilaw.com