Keith W. Heard (KH-8578)
Michael J. Walsh (MW-6578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT NORTHERN INSURANCE CO. <br><br> Plaintiff, <br><br> -against- <br><br> BLUE ANCHOR LINE; BLUE ANCHOR LINE A DIVISION OF TRANSPAC CONTAINER SYSTEM LTD.; KUEHNE & NAGEL, INC., KUEHNE & NAGAL S.A.; HANJIN SHIPPING CO. LTD., CONTAINER PORT GROUP, INC.; <br><br> Defendants. | 08 CV 3308 (SHS)(GWG) <br><br> ECF Case <br><br><br> ANSWER AND COUNTERCLAIM OF DEFENDANT HANJIN SHIPPING CO. LTD. |

Defendant Hanjin Shipping Co. Ltd., by its attorneys Burke & Parsons, as and for its

Answer to the Complaint herein, alleges upon information and belief as follows:

1. It denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 1 of the Complaint.

2. It admits that the answering defendant is a corporation organized under the laws of

one of the fifty states or of a foreign sovereign and it denies knowledge or information

sufficient to form a belief insofar as the allegations in paragraph 2 of the Complaint relate to the other defendants in this action.

3. It admits that the Complaint seeks to allege a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 but, except as so specifically admitted, it denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 3 of the Complaint.

4. It admits that the answering defendant at all material times conducted business within the State of New York and is subject to the *in personam* jurisdiction of this Honorable Court and it denies knowledge or information sufficient to form a belief insofar as the allegations in paragraph 4 of the Complaint relate to the other defendants in this action.

5. It admits that, with respect to the shipment in suit, the answering defendant provided services as a carrier of cargo for hire and assumed certain responsibility for the transportation of the shipment from the place of receipt to the place of delivery stated in its bills of lading but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 5 of the Complaint insofar as they relate to the answering defendant and denies knowledge or information sufficient to form a belief

insofar as the allegations in paragraph 5 of the Complaint relate to the other defendants in this action.

6.  It admits that containers SENU 4260051 and HJCU 7594566 said to contain wine were transported from Barcelona, Spain to the port of New York as described more fully in Hanjin Shipping bills of lading HJSCBNW00976104 and 976003 dated on or about June 22, 2007 but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 6 of the Complaint insofar as they relate to the answering defendant and denies knowledge or information sufficient to form a belief insofar as the allegations in paragraph 6 of the Complaint relate to the other defendants in this action.

7.  It admits that the containers described in the foregoing paragraph were transported aboard the M/V QATARI IBN AL FUJA'A from Barcelona to New York but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 7 of the Complaint.

8.  It denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.  It denies the allegations set forth in paragraph 9 of the Complaint insofar as they relate to the answering defendant and denies knowledge or information sufficient to form

a belief insofar as the allegations set forth in paragraph 9 of the Complaint relate to the other defendants in this action.

10. It denies the allegations set forth in paragraph 10 of the Complaint.

11. It denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. It denies the allegations set forth in paragraph 12 of the Complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**

13. It repeats and realleges the admissions, denials and denials of knowledge or information set forth in paragraphs 1 through 12 of this Answer.

14. It denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. It denies that the answering defendant failed to deliver the cargo at the agreed destination in the same apparent good order and condition as received and denies knowledge or information sufficient to form a belief with respect to the remaining allegations set forth in paragraph 15 of the Complaint.

16. It denies the allegations set forth in paragraph 16 of the Complaint insofar as they relate to the answering defendant and denies knowledge or information sufficient to form a belief insofar as the allegations set forth in paragraph 16 of the Complaint relate to the other defendants in this action.

## ANSWERING THE THIRD CAUSE OF ACTION

17. Answering the second paragraph in the Complaint numbered "13" on page 4 thereof, it repeats and realleges the admissions, denials and denials of knowledge or information set forth in paragraphs 1 through 12 of this Answer.

18. It denies the allegations set forth in the second paragraph numbered "14" on page 4 of the Complaint insofar as they relate to the answering defendant and denies knowledge or information sufficient to form a belief insofar as the allegations set forth in said paragraph relate to the other defendants in this action.

### First Affirmative Defense

19. The Complaint fails to allege a claim or cause of action on which relief can be granted against the answering defendant.

## Second Affirmative Defense

20. Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession or custody of the answering defendant or on board the said vessel arose or resulted from the condition of the goods when delivered to said defendant, or from wastage in bulk or weight or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by act or omission of the shippers or owners of the goods, their agents or representatives, and the answering defendant is not under any liability for any such loss or damage.

## Third Affirmative Defense

21. Due diligence was used to make the vessel seaworthy and to secure that it was properly manned, equipped and supplied, and to make the holds, carrying containers and other parts of the ship in which the goods were carried safe and fit for their receipt, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936.

22. Accordingly, if the goods sustained any loss or damage while they were on board the vessel, due to any unseaworthiness of the vessel, which is denied, or while they were being transported within the carrying containers, which is also denied, the answering defendant is not liable therefor.

## Fourth Affirmative Defense

23. If any loss or damage to the goods as alleged in the Complaint occurred while they were in the possession or custody of the answering defendant, or on board the said vessel or within the carrying containers during the period of the answering defendant's legal responsibility, which is denied, and if it be held that such loss or damage was due to an act of God, perils, dangers or accidents of the sea or other navigable waters, or latent defect not discoverable by due diligence, the answering defendant is not under any liability for any such loss or damage.

## Fifth Affirmative Defense

24. If any loss or damage to the goods, as alleged in the Complaint, occurred while they were on board the said vessel, which is denied, and if it be held that the loss or damage arose or resulted from the act, neglect or default of the Master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the vessel, the answering defendant is not under any liability for any such loss or damage.

## Sixth  Affirmative Defense

25. Any loss or damage to the goods, as alleged in the Complaint, which may have occurred while they were in the answering defendant's possession or custody or on board the said vessel, arose without said defendant's actual fault or privity and without the fault

or neglect of its agents or servants or anyone for whom it was responsible except insofar as such loss or damage resulted from negligence or errors in the navigation or management of the vessel, and the answering defendant is not under any liability for any such loss or damage.

## Seventh Affirmative Defense

26. The goods were received, loaded and carried pursuant to the terms and conditions of certain aforesaid bills of lading which were issued to and accepted by the shipper and which constituted the contracts of carriage and which will be produced at trial. If it be proved at the trial that the alleged loss or damage arose or resulted from a cause for which the answering defendant is not liable under any of the provisions of the aforementioned bills of lading and/or the United States Carriage of Gods by Sea Act, 1936, the answering defendant will claim the benefit thereof and be relieved of any liability with respect to plaintiff's claim. The answering defendant reserves the right to amend this Answer, if need be, as facts may develop or may be proved.

## Eighth Affirmative Defense

27. If plaintiff may be entitled to any recovery, which is denied, such recovery must be computed in accordance with the terms of the bills of lading and/or provisions of the United States Carriage of Gods by Sea Act, 1936, and can in no event exceed $500 per package or per customary freight unit.

- 8 -

## Ninth Affirmative Defense

28. Any loss or damage to the goods, as alleged in the Complaint, arose or resulted from or was caused by the act, omission or other fault of one or more of the co-defendants without any fault on the part of the answering defendant, who should be exonerated.

## Tenth Affirmative Defense

29. Plaintiff has failed to properly and fully mitigate the damages alleged in the Complaint.

## Eleventh Affirmative Defense

30. The answering defendant incorporates by reference any applicable defense asserted by the other defendants to this action.

FURTHER ANSWERING THE COMPLAINT AND AS
AND FOR A CROSS-CLAIM AGAINST CO-
DEFENDANTS BLUE ANCHOR LINE; BLUE ANCHOR
LINE, A DIVISION OF TRANSPAC CONTAINER
SYSTEM LTD.; KUEHNE & NAGEL, INC., KUEHNE &
NAGEL S.A. AND CONTAINER PORT GROUP, INC.,
DEFENDANT HANJIN SHIPPING CO. LTD. ALLEGES
UPON INFORMATION AND BELIEF AS FOLLOWS:

31.   It repeats and realleges the admissions, denials, denials of knowledge or

information and defenses set forth in paragraphs 1 through 30 of this Answer with the

same force and effect as if herein repeated and set forth at length.

32.   Defendant Hanjin Shipping Co. Ltd. is a corporation duly organized and existing

under and by virtue of the laws of a foreign country with an office and place of business at

Suite 490, 80 E. Route 4, Paramus, New Jersey 07652 and operates as a carrier of goods by

water for hire.

33.   Upon information and belief, at all times mentioned in the Complaint, defendants

Blue Anchor Line; Blue Anchor Line, a division of Transpac Container System Ltd.;

Kuehne & Nagel Inc.; Kuehne & Nagel S.A.; and Container Port Group, Inc. provided

services as common carriers of goods for hire, including as receiving and/or delivering

carriers, and assumed responsibility for the transportation of the shipment from the place

of receipt to the place of final delivery.

34.   If any liability for the damage alleged in the Complaint is adjudged against and

imposed upon defendant Hanjin Shipping Co. Ltd., said defendant is entitled to

contribution and/or full indemnity from co-defendants Blue Anchor L:ine; Blue Anchor

Line, a division of Transpac Container System Ltd.; Kuehne & Nagel, Inc.; Kuehne &

Nagel S.A.; and Container Port Group, Inc., together with costs, disbursements and

reasonable attorneys' fees, since any such liability on the part of defendant Hanjin

Shipping Co. Ltd. arose from the breach of contract , breach of warranty, negligence

and/or other fault of co-defendants Blue Anchor Line; Blue Anchor Line, a division of

Transpac Container System Ltd.; Kuehne & Nagel, Inc.; Kuehne & Nagel S.A.; and

Container Port Group, Inc.

WHEREFORE, defendant Hanjin Shipping Co. Ltd. prays that:

1. The Complaint of plaintiff herein be dismissed with costs, disbursements and

reasonable attorney's fees of this action to defendant Hanjin Shipping Co. Ltd.;

2. In the alternative, that defendant Hanjin Shipping Co. Ltd. be given judgment over

and against co-defendants Blue Anchor Line; Blue Anchor Line, a division of Transpac

Container System Ltd.; Kuehne & Nagel, Inc.; Kuehne & Nagel S.A. and Container Port

Group, Inc. for full indemnity to the extent of any liability of defendant Hanjin Shipping

Co. Ltd. to the plaintiff together with costs, disbursement and reasonable attorneys' fees;

3. In the alternative, that defendant Hanjin Shipping Co. Ltd. be given judgment over

and against co-defendants Blue Anchor Line; Blue Anchor Line, a division of Transpac

Container System Ltd.; Kuehne & Nagel, Inc.; Kuehne & Nagel S.A. and Container Port

Group, Inc. for the apportionment of any liability assessed against defendant Hanjin

Shipping Co. Ltd.; and


4.  The Court grant such other and further or different relief as it may deem just and proper.


Dated:  New York, NY
         August 11, 2008


                         BURKE & PARSONS
                         Attorneys for Defendant
                         HANJIN SHIPPING CO. LTD.


By _____
                         Keith W. Heard (KH-8578)


                         30th floor
                         100 Park Avenue
                         New York NY  10017-5533
                         (212) 354-3800


To:    David L. Mazaroli, Esq.
        Attorney for Plaintiff
        Suite 1214
        11 Park Place
        New York, NY  10017-2801


        Ernest H. Gelman, Esq.
        Attorney for Co-Defendants
        Suite 4908
        350 Fifth Avenue
        New York, NY  10118

- 13 -

Container Port Group, Inc.
1340 Depot Street
Cleveland, Ohio  44116