UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                             :   ECF CASE
GREAT NORTHERN INSURANCE CO.
                                                             :
           Plaintiff,                        08 Civ. 3308 (GWG)
                                                              :
    - against -
                                                                :
BLUE ANCHOR LINE; BLUE ANCHOR
LINE A DIVISION OF TRANSPAC              :
CONTAINER SYSTEM LTD.; KUEHNE &
NAGEL, INC.; KUEHNE & NAGEL S.A.;
HANJIN SHIPPING CO. LTD.; CONTAINER
PORT GROUP, INC.;

           Defendants.

------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO THE MOTION OF
DEFENDANTS BLUE ANCHOR LINE, et al.,
TO DISMISS THE COMPLAINT**


Law Office
**DAVID L. MAZAROLI**
11 Park Place – Suite 1214
New York, NY 10007
Tel. 212-267-8480
Fax: 212-732-7352
e-mail: dlm@mazarolilaw.com

**Preliminary Statement**

This memorandum of law is respectfully submitted on behalf of plaintiff Great Northern Insurance Company in opposition to the motion of defendants Blue Anchor Line ("BAL"), Kuehne & Nagel, Inc. ("K&N, Inc."), and Kuehne & Nagel, S.A. ("K&N, S.A.") to dismiss the complaint based on a permissive law and jurisdiction clause. The Court's attention is also directed to the Affidavit of David L. Mazaroli ("Maz. Af.") and the accompanying Exhibits 1 through 6.

**The Relevant Facts**

1.  This action arises from damage to a shipment of wine which was carried from Barcelona to New York. (Declaration of Ernest H. Gelman ("Gelman Decl.") Ex. C).

2.  K&N, Inc. is a New York corporation. (Maz. Aff. Ex. 1; Ex. 2 p. 6).

3.  K&N, Inc. and BAL are related companies. (Maz. Aff. Ex. 2 p. 8).

4.  BAL is the house non-vessel operating common carrier (NVOCC) for K&N Inc. (*Id*. p. 9).

5.  Whenever K&N, Inc. is engaged for ocean transportation purposes, it uses BAL as the NVOCC. (*Id*. pp. 28-29)

6.  Plaintiff's subrogor, Pannotia Vineyards, LLC ("Pannotia"), did not have a prior course of dealings with K&N, Inc. As indicated in an e-mail dated June 11, 2007 from K&N, Inc.'s Robin Corlett, the shipment in suit was one of three shipments entrusted to K&N, Inc. on a trial basis. (Maz. Aff. Ex. 6)

7.  K&N, Inc. presented the freight rate terms for the subject shipment to Pannotia. (Maz. Aff. Ex. 3).

8.  K&N, Inc. submitted invoices to Pannotia for the subject shipment. (Maz. Aff. Exs. 4, 5)

9.  Counsel for the moving defendants has produced a copy of the terms and conditions on the reverse sides of the K&N Inc. invoices. (Maz. Aff. Ex. 5)

10. The K&N Inc. invoice terms and conditions include, in relevant part, the following provisions:

> (1) Definitions.
>   (a) "Company" shall mean *Kuehne & Nagel, Inc.* its subsidiaries, related companies, agents and/or representatives;
>   * * *
>
> (21) Governing Law: Consent to Jurisdiction and Venue. These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of *NEW YORK* without giving consideration to the principals of conflict of law.
>
> Customer and Company
>
> (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of *NEW YORK*.
> (b) agree that any action relating to the services performed by Company shall only be brought in said courts;
> (c) consent to the exercise of in personam jurisdiction by said courts over it;
> * * *

(Maz. Aff. Ex. 5 ¶¶ 1, 21 [emphasis in original])

11. The fact that K&N, Inc. and BAL are related entities is significant for the adjudication of this motion because the law and jurisdiction clause the moving defendants rely on includes an escape provision. This is contained in BAL Paragraph 4.2. It provides that the law and jurisdiction clause in the BAL bill of lading is not applicable

1

if the parties otherwise "agree on both the choice of another court or arbitration tribunal and the law to be then applicable." (Gelman Decl. Ex. D ¶ 4.2)

12. As confirmed by the K&N, Inc. invoice terms and conditions, the moving defendants (i.e. K&N Inc. and its subsidiaries, related companies, etc. ) have irrevocably agreed to jurisdiction in the Southern District of New York. (Maz. Aff. Ex. 5 ¶¶ 1, 21)

## Points and Authorities

### POINT I

### THE IMPRECISELY DRAFTED BAL JURISDICTION CLAUSE IS PERMISSIVE AND DOES NOT EXCLUDE LITIGATION IN THIS COURT

To be enforceable a forum selection clause must make clear that litigation in the chosen forum is mandatory. *See John Boutari & Son Wines & Spirits S.A. v. Attiki Importers & Distrib., Inc.,* 22 F. 3d 51, 52-53 (2d Cir. 1994) (clause must contain "specific language of exclusion"); *City of New York v. Pullman Inc.,* 477 F. Supp. 438, 442 n. 11 (S.D.N.Y. 1979) (Weinfeld, J.). The Honorable Sidney H. Stein has commented that "cases in this circuit are replete with forum selection clauses found to be permissive…" *St. Paul Guardian Insurance Co. v. Neuromed Medical Systems & Support GmbH*, No. 00 CV. 9344 (SHS), 2001 WL 1875768 *2 (S.D.N.Y. Dec. 5, 2001) (citing *Hartford Fire Ins. Co. v. Novocargo USA Inc.*, 156 F. Supp. 2nd 372 (S.D.N.Y. 2001) and other cases); *see also The Aloha Group, Inc. v. ITT Commercial Finance Corp.* No. 86 CV. 9890(RWS)*,* 1987 WL 17421 * 2-3 (S.D.N.Y. Sept. 16, 1987); *In re Oakwood Homes*, 342 B.R. 59, 65-66 (Bankr. D. Del. May 10, 2006).

The BAL clause does not pass muster. It is not a mandatory forum selection clause. The language "shall be determined by the courts and subject to Clause 17 of the Document in accordance with the laws of Hong Kong" is not only permissive in nature, it selects nothing other than Hong Kong law. Literally read, as to venue Paragraph 4.1 says only that disputes "shall be determined by the courts…" without selecting a specific court. There is reference to the laws of Hong Kong. However, this provision yields to the compulsory tackle-to-tackle application of the United States Carriage of Goods by Sea Act, 46 U.S.C. § 30701, *et seq. See Sompo Japan Ins. Co. of America v. Union Pacific R. Co.,* 456 F.3d 54, 58 (2 Cir. 2006). While BAL's Paragraph 4.2 attempts to preclude proceedings before "other courts," this exclusion is meaningless in the context of the preceding paragraph's failure to identify a specific court for litigation. Based on the rationale of binding Second Circuit precedent in *Boutari,* the motion to dismiss the action based on Clause 4 of the BAL bill of lading should be denied.

## POINT II

### THE IRREVOCABLE S.D.N.Y. CLAUSE
### SUPERCEDES THE BAL LAW AND JURISDICTION CLAUSE

Bill of lading standard conditions are not the subject of negotiation or amendment by the cargo owner; they are pre-printed terms which the cargo owner is required to accept; the wording is chosen by the issuer of the bill of lading . *See The Starsin*, 2003 AMC 913, 976 (Eng. H.L. 2003), [2003] 2 WLR 711 (HL); *see also Allied Chemical v. C.N. Lloyd Brasiliero*, 775 F.2d 476,482 (2d Cir. 1985) ("[B]ills of lading are contracts of adhesion and…. are strictly construed against the carrier"). Ambiguities in a bill of lading forum selection clause should be construed against the carrier. *See Citro Florida,*

3

*Inc. v. Citrovale*, 760 F.2d 1231, 1232 (11 Cir. 1985). A bill of lading forum clause should not be enforced where the carriage contract incorporates a separate document or agreement containing a contradictory venue or jurisdiction provision. *See e.g. Commercial Union v. M/V BREMEN EXPRESS*, 16 F. Supp. 2d 403 (S.D.N.Y. 1998) (declining to enforce ocean carrier's Tokyo forum selection where bill of lading incorporated trucker's terms and conditions which did not provide for Japan dispute resolution.)

The BAL clause is poorly drafted and should be construed against moving defendants. The BAL clause should not be enforced because it provides the option of agreement to an alternate forum and this option was executed by virtue of K&N, Inc.'s irrevocable consent (on its own behalf and on behalf of related companies such as BAL) to jurisdiction in the Southern District of New York. Just as Judge Leisure declined to enforce the Japan clause in *Commercial Union v M/V BREMEN EXPRESS*, this Honorable Court should refuse to enforce BAL's Hong Kong clause.

## POINT III

### K&N DID NOT HAVE AUTHORITY TO BIND PANNOTIA TO A FOREIGN FORUM SELECTION CLAUSE

No proof has been presented that the BAL bill of lading terms and conditions were disclosed to the shipper, consignee or owner of the wine before the transit commenced. There is no evidence in the record that K&N, Inc., whose own terms irrevocably provide for Southern District of New York jurisdiction, had the authority to bind plaintiff's subrogor to a foreign forum selection clause. In a very recent decision

4

Judge Hellerstein denied a motion to enforce a subcontracting carrier's foreign forum selection clause holding that as matter of law a primary contracting carrier lacked authority to bind the cargo shipper to such a clause. *See Royal & Sun Alliance Insurance PLC v. Ocean World Lines, Inc.*, No. 07-cv-2889(AKH), 2008 WL 3854556 * 17 (S.D.N.Y Aug. 19, 2008). Plaintiff respectfully submits that this rationale should be applied herein as a further basis to deny defendants' motion to dismiss.

## Conclusion

The motion of defendants BAL, K&N, Inc., and K&N, S.A. should be denied in its entirety. Plaintiff respectfully requests such other and further relief as warranted by justices.

Dated: New York, New York
September 3, 2008

        Law Offices
        David L. Mazaroli

        *s/David L. Mazaroli*
        By_____
        David L. Mazaroli (DM-3929)
        Attorney for Plaintiff
        11 Park Place – Suite 1214
        New York, NY 10007-2801
        Tel.: (212)267-8480
        Fax: (212)732-7352